UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CV1174 |
| | ) | 1:12CR81 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CLARENCE ARAGON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 17, 2016, defendant Clarence Aragon ("defendant" or "Aragon") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 17 ["Mot."].)[1] Aragon argued that the Supreme Court's decision in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), should be applied to invalidate his sentence under the United States Sentencing Guidelines. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided, in relevant part, for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies" was unconstitutionally vague under due process principles. *Id*. at 2556-57. In his motion to vacate his sentence, defendant argued that the ruling in *Johnson* should apply with equal force to a similar provision in the Sentencing Guidelines that served as the basis for his base offense level.

After the matter was fully briefed, the Court stayed the case pending a ruling from the United States Supreme Court in *Beckles v. United States*, No. 15-8544. On March 6, 2017, the

---

[1] The United States of America filed a response in opposition to the motion (Doc. No. 18), and the defendant filed a reply in support of the motion (Doc. No. 19).

Supreme Court issued its decision in *Beckles*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. *Beckles v. United States*, --S. Ct.--, 2007 WL 855781 (Mar. 6, 2017). Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id*. at *11. This ruling forecloses defendant's motion under 28 U.S.C. § 2255, and the motion is, therefore, denied.[2] Further, defendant's motion (Doc. No. 16) for the appointment of counsel to assist in the prosecution of his § 2255 motion is denied as moot.[3]

For all of the foregoing reasons, defendant's § 2255 motion (Doc. No. 17) is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 31, 2017

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**

---

[2] The present § 2255 motion is also denied as time-barred. On May 24, 2012, defendant pleaded guilty to the indictment. On August 2, 2012, defendant was sentenced by this Court to a term of imprisonment of 130 months with three years of supervised release. Defendant did not appeal his sentence. Defendant's motion to vacate was not filed until May 17, 2016 and, without retroactive application of the ruling in *Johnson*, his motion is untimely. *See* 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for motions to vacate, set aside, or correct a sentence). The government's motion to dismiss defendant's motion to vacate, premised on the fact that the present § 2255 motion was not filed within one year of the ruling in *Johnson*, is, therefore, moot.

[3] In anticipation of the appointment of counsel, the Office of the Federal Public Defender entered an appearance and filed the present § 2255 motion on defendant's behalf. The motion to appoint counsel (Doc. No. 16) is granted retroactively to cover any proceedings that have already occurred in this case, but not for any further proceedings in this case or on appeal.